ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This is the second time this case has been appealed to our court. William Hendricks appeals a judgment of the common pleas court resentencing him to four years in prison on his guilty plea for burglary, a felony of the third degree, after this court had vacated an original four-year sentence. Hendricks argues that, because he previously has not served a prison term, the court should have imposed a minimum one-year term. Hendricks also claims he did not receive effective assistance of counsel at the resentencing hearing. After careful review of the record, we affirm the judgment of the trial court.
The record before us reveals that, on December 16, 1999, the grand jury indicted Hendricks on the charges of burglary and theft. At his arraignment on December 21, 1999, he pled not guilty to these charges. However, as part of a subsequent plea agreement, he entered a plea of guilty to an amended charge of burglary in violation of R.C.2911.12(A)(3), a felony of the third degree, and the state nolled the theft count.
In a journal entry filed on February 10, 2000, the trial court sentenced Hendricks to a prison term of four years. He appealed this sentence, and in State v. Hendricks (Oct. 12, 2000), Cuyahoga App. No. 77674, unreported, this court vacated his sentence and remanded for resentencing, concluding that the trial court erred in imposing greater than the minimum one-year sentence without expressly considering the factors in R.C. 2929.14(B).
The trial court conducted a resentencing hearing on December 11, 2000, and after listing all of the relevant statutory sentencing factors, again imposed a prison term of four years. Hendricks has now filed the instant appeal, raising two assignments of error for our review. The first one states:
 THE LOWER COURT ERRED AND VIOLATED THE DEFENDANT'S RIGHTS PURSUANT TO THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY IMPOSING A SENTENCE IN A MANNER CONTRARY TO LAW.
Hendricks challenges the sentence imposed by the trial court, noting the statutory presumption in favor of a minimum sentence in this case and claiming the court merely recited the statutory language without engaging in actual analysis. He requests that we again vacate his sentence pursuant to R.C. 2953.08(G), urging that the record fails to support anything more than a minimum one-year sentence. The state asserts that the trial court properly considered the R.C. 2929.14(B) factors, and that the record warranted a four-year sentence.
R.C. 2929.14(B) states:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the court considered R.C. 2929.14(B) and stated:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
We earlier remanded this case to the trial court because, during the original sentencing hearing, it did not consider whether the shortest prison term would demean the seriousness of the offender's conduct or adequately protect the public from future crimes by the offender. At the resentencing hearing, the trial court stated:
 I want the record to reflect that at the original sentencing after having read, obviously several prior convictions, many of which had a violent nature to them and having not had the benefit of a pre-sentence investigation report, I did not make the requisite findings that the Court needs to make when there is not a previous felony.
 But I'm extremely comfortable with the decision that I made at the original sentencing, because pursuant to 2929.11, my job is to protect the public and punish the offender.
 So for the edification of the Court of Appeals, I'm going to go through the details of the instant offense, the defendant's record in detail and comport with the requirements under Senate Bill Two, prior to imposing sentence.
* * *
(Tr. 9-10.)
After the court considering Hendricks' criminal history and the seriousness and recidivism factors in R.C. 2929.12, the court made the following findings:
 * * * I make those findings that the shortest term demeans the seriousness of the defendant's conduct.
 That the shortest term will not protect the public from the offender or others. In looking over the findings for a maximum prison term, I do not make the finding that the offender committed the worse [sic] form of the offense.
 And I note for the record that he did show remorse and therefore, I'm not going to impose the maximum sentence. * * *
(Tr. 19.)
Hendricks argues that the trial court merely recited these factors without analysis. The record before us reveals that the court made its findings based on its review of Hendricks' criminal record, the fact that he committed the instant crime while on community control sanctions, and based on the court's consideration of other seriousness and recidivism factors as listed in R.C. 2929.12. Accordingly, this argument is rejected.
Hendricks also urges that the record does not support a four-year sentence, citing R.C. 2953.08(G), which permits an appellate court to vacate and remand, increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds that the record does not support the sentence. Upon review, we have concluded that the record supports the sentence in this case. Therefore, we overrule this assignment of error.
 THE JUDGMENT AND SENTENCE BELOW MUST BE VACATED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE APPELLANT'S RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Hendricks also challenges the assistance of his counsel during resentencing. In particular, he claims his counsel should have requested that the trial judge recuse herself and also should have corrected the record regarding his criminal history. The state counters that Hendricks failed to overcome the presumption of the judge's integrity, and also argues that he failed to substantiate his claims regarding the accuracy of his criminal history.
To prevail on a claim of ineffective assistance of counsel, a defendant must meet the test set forth in Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. The defendant must first show that counsel's performance was deficient. Strickland,466 U.S. at 687-688. Second, to warrant a reversal, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.
The defendant bears the burden of proving ineffectiveness of counsel. State v. McNeill (1998), 83 Ohio St.3d 438, 451. The defendant cannot meet this burden by making bare allegations that find no support in the record. State v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported, citing State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, unreported, citing State v. Smith (1985), 17 Ohio St.3d 98.
Hendricks initially argues that his counsel should have requested that the trial judge recuse herself. The law presumes that a judge is unbiased and unprejudiced in the matters over which he or she presides. See In Re Disqualification of Olivito (1994), 74 Ohio St.3d 1261, 1263. The appearance of bias or prejudice must be compelling to overcome this presumption of integrity. Id.
Here, Hendricks insists that certain comments made by the judge during resentencing demonstrate a predisposition to the reimposition of the original sentence. Upon review, we have concluded that these comments do not constitute compelling evidence of bias or prejudice.
Hendricks also faults his counsel for allowing the trial court to sentence him based upon an allegedly inaccurate criminal history. However, we cannot accept Hendricks' unsupported challenges to the accuracy of the presentence report and his claim that some of the items appearing as convictions had actually be[en] reduced or dismissed. Statements in appellate briefs are not part of the official record, and an appellate court may not consider facts extraneous to the record. See State v. Ishmail (1989), 54 Ohio St.2d 402. Without support in the record, we cannot determine whether inaccuracies existed in the presentence report or that the trial court relied upon such inaccuracies.
From our review of the record, Hendricks had the benefit of competent, professional representation at the resentencing hearing. He has failed to demonstrate deficient representation at the resentencing hearing or that, but for such deficiencies, his sentence would have been different. Here, the court complied with R.C. 2929.14 and the prior opinion of this court, and it imposed a lawful sentence which we affirm. As such, there is no merit to the claim of ineffective assistance of counsel and this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ TERRENCE O'DONNELL, JUDGE:
TIMOTHY E. McMONAGLE, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.